VAN DE VELD SHIMIZU CANTO & FISHER
*Curtis C. Van de veld, Esq.*
Suite 101, De La Corte Bldg.
167 E. Marine Corps Drive
Hagåtña, Guam 96910
Tel.: (671) 472-2863
Fax: (671) 472-2886

Attorney for Defendant: NANCY M.P.R. CASTRO

FILED
DISTRICT COURT OF GUAM
MAR 17 2006
MARY L.M. MORAN
CLERK OF COURT



# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR05-00044-002 |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT** |
| NANCY M.P.R. CASTRO, ) | |
| Defendant. ) | |

COMES NOW defendant NANCY M.P.R. CASTRO through Defendant's court appointed counsel, VAN DE VELD SHIMIZU CANTO & FISHER, by Attorney Mr. Curtis C. Van de veld, Esq., pursuant to Federal Rules of Criminal Procedure, Rule 32, and District Court Of Guam Rules of Court General Order No. 98-00002, to state the Defendant's position concerning the Presentence Report.

Defendant here addresses the requirements of General Order No. 98-00002, which instruct that counsel shall state:

(1) All sentencing factors, facts and other matters material to sentencing that remain in dispute, including a statement and calculation if appropriate, showing how the dispute effects the calculation of the guidelines range.

(2) Whether an evidentiary hearing is requested and, if so, an estimate of the time required for such hearing and a summary of the evidence to be produced.

## I. ALL SENTENCING FACTORS, FACTS AND OTHER MATTERS MATERIAL TO SENTENCING THAT REMAIN IN DISPUTE, INCLUDING A STATEMENT AND CALCULATION IF APPROPRIATE, SHOWING HOW THE DISPUTE EFFECTS THE CALCULATION OF THE GUIDELINES RANGE.

*A. Factual errors contained in the Presentence Report.*

Defendant was instructed to retrieve a copy of the DRAFT *Presentence Investigation Report* ("*DPIR*") on March 3, 2006 and to schedule an appointment to review the DPIR with counsel. Due to a local juvenile special proceeding case involving the children of the defendants in this matter and arising from the circumstances of this case, Defendant Nancy Castro has not been able to meet with counsel. On March 17, 2006, telephonic discussion was held with Ms. Castro and the following factual errors are noted.

Page 8, paragraph 30 refers to "Castro" and then indicates certain occurrences. The fact that both of the codefendants in this matter are named Castro, due to the marital bond between them, the attribution of the facts to Defendant Nancy Castro would be factual error. Other vagaries exist by the failure to specify which Castro is being referenced within the DPIR.

Page 12, paragraph 67, Defendant Nancy Castro's half-sister is named Melissa Ann Salas, not Mylene Salas Ignacio.

Page 14, paragraph 77, Defendant Nancy Castro's brother-in-law is named Richard Castro. Frank Castro was returned to the custody of Defendant on March 3, 2006 by the local court.

Defendant Nancy Castro did not provide any further indication of factual errors.

**B. *The presentence report contains the following legal errors.***

**1. The Probation Officer erred in applying a two (2) level enhancement for possession of firearms under USSG §2D1.1(b)(1).**

At paragraph 48, the probation officer has included a two offense level increase due to the fact that Defendant Castro was in possession of three firearms in her residence at the time of the search and arrest. Not one fact recited in the Presentence Report indicates that the firearms were possessed because of the controlled substance violations. Instead, the truth is that the weapons were owned and possessed without regard to the controlled substance violation. The <u>United States Sentencing Guidelines</u>, <u>§2D1.1</u>, <u>Application Notes</u>, <u>Note 3</u>, provides guidance as to the use of the enhancement. That note provides that "... The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."

The Probation Officer in preparing the report provides no justification for applying the enhancement. The facts of the case as recited in the Presentence Report do not support the enhancement.

### 2. The Probation Officer erred in applying a two (2) level enhancement for using a minor to sell drugs under USSG §3B1.4

The Presentence Report indicates that the only defendant that used minors to transact sales of drugs was the codefendant Frankie B. Castro. See paragraphs numbers 18, 19, 22, 29, and 30. The use of the minors was not known to Defendant Nancy Castro. Nancy believed that the children were not being involved in the activities and had no intention of involving the minor children. Therefore, it was error to impose this enhancement upon Defendant Nancy Castro.

### 3. The Probation Officer erred in not applying the 'safety valve' reduction [USSG §2D1.1(b)(7)] of two (2) levels to Defendant Nancy Castro.

If the court rules favorably to Defendant Nancy Castro relative to the firearms issue supra, then Defendant Nancy Castro meets the criteria for the application of the two (2) level reduction commonly referred to as the 'safety valve' under USSG §2D1.1(b)(7). Hence the court should apply the reduction to Ms. Castro's Group Two offense level calculations.

The government has indicated that Defendant Nancy Castro has provided substantial assistance and that a motion for downward departure is forthcoming. The

Defendant promptly cooperated and meets all the criteria of USSG §5C1.2, and 18 U.S.C. §3553(f).

Assuming the court concurs with the positions taken by Defendant Nancy Castro heretofore set forth, the resulting adjusted offense level will be level 30 with a corresponding range of imprisonment of 97-121 months. The government would need to depart downward from that level based on its recommendations for downward departure.

## II. WHETHER AN EVIDENTIARY HEARING IS REQUESTED.

Defendant requests an evidentiary hearing to the court requiring the government to prove that the enhancements added to the guidelines calculations are appropriate.

Respectfully submitted: Friday, March 17, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for defendant
NANCY M.P.R. CASTRO

## CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on March 17, 2006, via hand delivery at the following address:

Ms. Karon V. Johnson, Esq.   and to,   Mr. Stephen G. Guilliot
Assistant U.S. Attorney               United States Probation Officer
U.S. Attorney's Office,               United States Probation Office,

| | |
|---|---|
| District Of Guam<br>Criminal Division<br>6th Floor, Sirena Plaza<br>108 Hernan Cortes Avenue<br>Hagåtña, Guam 96910 | District Of Guam<br><br>District Court Of Guam<br>2nd Floor, 520 W. Soledad Avenue<br>Hagåtña, Guam 96910 |

Dated: Friday, March 17, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

*/s/ Curtis C. Van de veld*

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
NANCY M.P.R. CASTRO

CCV:ccv
VSCF/N.P.R. CASTRO/CR000604

---