VAN DE VELD SHIMIZU CANTO & FISHER
*Curtis C. Van de veld, Esq.*
**Suite 101, De La Corte Bldg.**
**167 E. Marine Corps Drive**
**Hagåtña, Guam 96910**
**Tel.: (671) 472-2863**
**Fax: (671) 472-2886**

**Attorney for Defendant: NANCY M.P.R. CASTRO**

**FILED**
DISTRICT COURT OF GUAM

MAR 2 1 2006

**MARY L.M. MORAN**
**CLERK OF COURT**

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR05-00044-002 |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S FIRST AMENDED** |
| | ) **STATEMENT OF POSITION** |
| | ) **CONCERNING THE PRESENTENCE** |
| NANCY M.P.R. CASTRO, | ) **REPORT** |
| Defendant. | ) |

COMES NOW defendant NANCY M.P.R. CASTRO through Defendant's court appointed counsel, VAN DE VELD SHIMIZU CANTO & FISHER, by Attorney Mr. Curtis C. Van de veld, Esq., pursuant to <u>Federal Rules of Criminal Procedure, Rule 32</u>, and <u>District Court Of Guam Rules of Court General Order No. 98-00002</u>, to state the Defendant's position concerning the Presentence Report.

Defendant here addresses the requirements of <u>General Order No. 98-00002</u>, which instruct that counsel shall state:

(1) All sentencing factors, facts and other matters material to sentencing that remain in dispute, including a statement and calculation if appropriate, showing how the dispute effects the calculation of the guidelines range.

---

(2) Whether an evidentiary hearing is requested and, if so, an estimate of the time required for such hearing and a summary of the evidence to be produced.

## I. ALL SENTENCING FACTORS, FACTS AND OTHER MATTERS MATERIAL TO SENTENCING THAT REMAIN IN DISPUTE, INCLUDING A STATEMENT AND CALCULATION IF APPROPRIATE, SHOWING HOW THE DISPUTE EFFECTS THE CALCULATION OF THE GUIDELINES RANGE.

### A. Factual errors contained in the Presentence Report.

Defendant was instructed to retrieve a copy of the DRAFT *Presentence Investigation Report* ("*DPIR*") on March 3, 2006 and to schedule an appointment to review the DPIR with counsel. Due to a local juvenile special proceeding case involving the children of the defendants in this matter and arising from the circumstances of this case, Defendant Nancy Castro has not been able to meet with counsel. On March 17, 2006, telephonic discussion was held with Ms. Castro and the following factual errors are noted.

Page 8, paragraph 30 refers to "Castro" and then indicates certain occurrences. The fact that both of the codefendants in this matter are named Castro, due to the marital bond between them, the attribution of the facts to Defendant Nancy Castro would be factual error. Other vagaries exist by the failure to specify which Castro is being referenced within the DPIR.

Page 12, paragraph 67, Defendant Nancy Castro's half-sister is named Melissa Ann Salas, not Mylene Salas Ignacio.

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO                Page 2
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00044    Document 31    Filed 03/21/2006    Page 2 of 16

Page 14, paragraph 77, Defendant Nancy Castro's brother-in-law is named Richard Castro. Frank Castro was returned to the custody of Defendant on March 3, 2006 by the local court.

Defendant Nancy Castro did not provide any further indication of factual errors.

### B. *The presentence report contains the following legal errors.*

#### 1. The Probation Officer erred in applying a two (2) level enhancement for possession of firearms under USSG §2D1.1(b)(1).

At paragraph 48, the probation officer has included a two offense level increase due to the fact that Defendant Castro was in possession of three firearms in her residence at the time of the search and arrest. Not one fact recited in the Presentence Report indicates that the firearms were possessed because of the controlled substance violations. Instead, the truth is that the weapons were owned and possessed without regard to the controlled substance violation. The United States Sentencing Guidelines, §2D1.1, Application Notes, Note 3, provides guidance as to the use of the enhancement. That note provides that "... The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO          Page 3
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00044    Document 31    Filed 03/21/2006    Page 3 of 16

The Probation Officer in preparing the report provides no justification for applying the enhancement. The facts of the case as recited in the Presentence Report do not support the enhancement. (See, paragraphs 23 and 25.) The facts stated in the Presentence Report demonstrate that the guns were in a plastic gun locker, under the headboard of the bed, and all weapons were trigger locked and unloaded. It is therefore clearly improbable similarly to the circumstances of Application Note 3, that the weapons were connected to the charged drug offense.

## 2. The Probation Officer erred in applying a two (2) level enhancement for using a minor to sell drugs under USSG §3B1.4

The Presentence Report indicates that the only defendant that used minors to transact sales of drugs was the codefendant Frankie B. Castro. See paragraphs numbers 18, 19, 22, 29, and 30. The use of the minors was not known to Defendant Nancy Castro. Nancy believed that the children were not being involved in the activities and had no intention of involving the minor children. (See, Presentence Report paragraph 22.) Further, when the parties negotiated Defendant Nancy Castro's Plea Agreement, the parties agreed not to include language that Nancy Castro had used the minor children to sell 'ice.' The Plea Agreement provides that "the facts she (Nancy Castro) stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines: ... During this time defendant had a minor child residing in her residence." The parties had agreed to delete from an earlier Plea Agreement version, language which specifically stated: On occasion she (Defendant

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO                    Page 4
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00044    Document 31    Filed 03/21/2006    Page 4 of 16

Nancy Castro) used a minor child in the distribution of 'ice.' It is therefore a breach of the Defendant's Plea Agreement and USSG §1B1.2 to include this enhancement, because the parties agreed not to include the facts which would make the enhancement applicable into the factual basis for Defendant Nancy Castro's 'guilty' plea.

Therefore, it was error to impose this enhancement upon Defendant Nancy Castro.

### 3. The Probation Officer erred in not applying the 'safety valve' reduction [USSG §2D1.1(b)(7)] of two (2) levels to Defendant Nancy Castro.

If the court rules favorably to Defendant Nancy Castro relative to the firearms issue supra, then Defendant Nancy Castro meets the criteria for the application of the two (2) level reduction commonly referred to as the 'safety valve' under USSG §2D1.1(b)(7). Hence the court should apply the reduction to Ms. Castro's Group Two offense level calculations.

The government has indicated that Defendant Nancy Castro has provided substantial assistance and that a motion for downward departure is forthcoming. The Defendant promptly cooperated and meets all the criteria of USSG §5C1.2, and 18 U.S.C. §3553(f).

Assuming the court concurs with the positions taken by Defendant Nancy Castro heretofore set forth, and applies the undisputed entitlement of Defendant Nancy Castro to the three (3) level reduction for acceptance of responsibility, the resulting adjusted offense level will be level 27, with a corresponding range of imprisonment of

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO          Page 5
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00044     Document 31     Filed 03/21/2006     Page 5 of 16

70-87 months. The government would need to depart downward from that level based on its recommendations for downward departure.

### 4. The government motion for downward departure is inadequate and Defendant Nancy Castro will require the government to prove the full extent of Defendant Nancy Castro's cooperation at the time of sentencing.

Defendant's Plea Agreement provides in relevant part, "2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing (which references the full cooperation in paragraph 2 of the Plea Agreement)," and "3(b) The United States agrees that the defendant has provided "substantial assistance" as defined by the Sentencing Guidelines 5K1.1. Accordingly, it will request that the court depart below the statutory minimum pursuant to Title 18, United States Code, §3553(e), ..."

Despite a promise to make the full extent of the defendant's cooperation known *prior to the defendant's sentencing*, the government has failed to do so. If the government keeps to its past practice, the government will wait until sentencing and make a very brief, conclusory statement of the significance of the defendant's cooperation, but will not disclose the details. If Defendant is to be in a position to determine the need to subpoena witnesses for sentencing, in order to fully detail the extent of Defendant Nancy Castro's cooperation, Defendant Nancy Castro must require the government to perform its obligations to disclose the matters "prior" to sentencing. When full and complete disclosure has been made, Defendant Nancy

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO          Page 6
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00044    Document 31    Filed 03/21/2006    Page 6 of 16

Castro will show that the government's one level reduction against the offense level is neither fair, consistent with past similar circumstance and recommended departures nor representative of the true value of the cooperation Defendant Nancy Castro provided. Hence, Defendant believes that the court should depart to a period of imprisonment of probation.

## II.   WHETHER AN EVIDENTIARY HEARING IS REQUESTED.

Defendant requests an evidentiary hearing to the court requiring the government to prove that the enhancements added to the guidelines calculations are appropriate.

Respectfully submitted: Monday, March 20, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

Mr. Curtis C. Van de veld, Esq.
Attorney for defendant
NANCY M.P.R. CASTRO

/ / /

/ / /

/ / /

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

# CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on March 13, 2006, via hand delivery at the following address:

| | | |
|---|---|---|
| Ms. Karon V. Johnson, Esq. | and to, | Mr. Stephen G. Guilliot |
| Assistant U.S. Attorney | | United States Probation Officer |
| U.S. Attorney's Office, | | United States Probation Office, |
| District Of Guam | | District Of Guam |
| Criminal Division | | |
| 6th Floor, Sirena Plaza | | District Court Of Guam |
| 108 Hernan Cortes Avenue | | 2nd Floor, 520 W. Soledad Avenue |
| Hagåtña, Guam 96910 | | Hagåtña, Guam 96910 |

Dated: Monday, March 20, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
NANCY M.P.R. CASTRO

CCV:ccv
VSCF/N.P.R. CASTRO/CR000604

UNITED STATES OF AMERICA V. NANCY M.P.R. CASTRO                    Page 8
Criminal Case No. CR05-00044-002
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00044     Document 31     Filed 03/21/2006     Page 8 of 16

nancycastrople

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. __05-00044__ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| NANCY MARY P. CASTRO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, NANCY MARY P.

CASTRO, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Counts II and III of an Indictment

charging her with Possession of a Firearm by a Drug User, in violation of Title 18, United States

Code, § 922(g)(3), and Distribution of Methamphetamine Hydrochloride (ice), in violation of

Title 21, United States Code, § 841(a)(1).

2(a) The defendant, NANCY MARY P. REYES, agrees to fully and truthfully cooperate

with Federal law enforcement agents concerning their investigation of the distribution of

controlled substances and related unlawful activities. Cooperation shall include providing all

information known to defendant regarding any criminal activity, including but not limited to the

- 1 -

offenses to which she is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular as provided in Paragraph 9, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

-2-

3. The defendant, NANCY MARY P. REYES, understands that the <u>maximum</u> sentence for Possession of a Firearm by a Drug User is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

The defendant, NANCY MARY P. REYES, understands that the <u>maximum</u> sentence for Distribution of Methamphetamine Hydrochloride (ice) in an amount over 50 grams net weight is life imprisonment, with a mandatory term of ten (10) years incarceration, a $2,000,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. In addition, this offense also provides that any sentence may include a term of supervised release of not more than five (5) y ears in addition to such terms of imprisonment. Defendant understands that if she violations a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional three (3) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3). Defendant understands that the terms of incarceration for these offenses may run consecutively.

3(b) The United States agrees that the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1. Accordingly, it will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant. Defendant acknowledges that the United States has made no promise, implied or otherwise, concerning the degree of departure for which it will move.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining the degree of the government's request for a

-3-

downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

> (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

> (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

> (3) the nature and extent of defendant's assistance;

> (4) any injuries suffered or any danger or risk of injury to defendant or her family resulting from any assistance provided by defendant; and

> (5) the timeliness of any assistance provided by defendant.

It is understood that the final decision as to how much, if any, reduction in sentence is warranted because of defendant's substantial assistance, rests solely with the District Court.

3(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Possession of a Firearm by a Drug User as charged pursuant to 18 U.S.C. § 922(g)(3), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed a firearm;

> Second: the firearm had been shipped or transported from one state to another, or from a foreign nation to the United States; and

> Third: at the time the defendant possessed the firearm, defendant was an unlawful user of a controlled substance as defined in Section 102 of the Controlled Substances Act.

The defendant understands that to establish a violation of Distribution of Methamphetamine Hydrochloride (ice) in a quantity of more than 50 grams net weight, as charged pursuant to Title 21, United States Code, § 841(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

-4-

> First: the defendant knowingly delivered methamphetamine hydrochloride;
>
> Second: the defendant knew that it was methamphetamine hydrochloride or some other prohibited drug; and
>
> Third: defendant distributed an amount of over 50 grams net weight.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1966, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) On April 20, 2005, the defendant was knowingly in possession of the following firearms: a Maverick shotgun, Model 88, 12 gauge, SN MV71199A; a Savage shotgun, Stevens Model 67, 12 gauge SN E906829; and a S.W.D.-Cobray semi-automatic pistol, Model M-11, 9mm, SN 89-0014494, which had been shipped in interstate or foreign commerce. At the time defendant possessed these firearms, she was an unlawful user of controlled substances, as defined in Section 102 of the Controlled Substances Act.

From April, 2004, through April 20, 2005, the defendant had knowingly and intentionally distributed over 50 grams net weight of methamphetamine hydrochloride (ice), a Schedule II controlled substance. During this time defendant had a minor child residing in her residence. On occasion she caused that minor to distribute ice for her.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final

-5-

sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

7. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the sentencing court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

8. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

9. In exchange for the government's concessions in this plea agreement, the defendant

waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions

under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.


DATED: **6/8/05**　　　　　　　　　_Nancy M. P. Castro_
　　　　　　　　　　　　　　　　　NANCY MARY P. CASTRO
　　　　　　　　　　　　　　　　　Defendant


DATED: _____　　　　　_____
　　　　　　　　　　　　　　　　　CURTIS VAN DE VELD
　　　　　　　　　　　　　　　　　Attorney for Defendant


　　　　　　　　　　　　　　　　　LEONARDO M. RAPADAS
　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　Districts of Guam and CNMI


DATED: _____　　By:　_____
　　　　　　　　　　　　　　　　　KARON V. JOHNSON
　　　　　　　　　　　　　　　　　Assistant U.S. Attorney


DATED: _____　　　　　_____
　　　　　　　　　　　　　　　　　RUSSELL C. STODDARD
　　　　　　　　　　　　　　　　　First Assistant U.S. Attorney